IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3115-BO

| | | |
|---|---|---|
| JASON L. PERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WARDEN DELORES STEVENS, et al., | ) | |
| Defendants. | ) | |

On June 21, 2011, plaintiff, a federal inmate, filed this civil rights action.[1] He brings the action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915. A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

A pro se complaint must be liberally construed. See Estelle v. Gamble, 429 U.S. 106 (1976). Nevertheless, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the complaint and motion to amend, plaintiff alleges deliberate indifference to his medical care. Plaintiff has cystic fibrosis and alleges that defendants at FCI-Butner, North Carolina, have not provided him with proper medical care. As relief, he seeks "proper access to

---

[1] Prior to conducting this frivolity review, plaintiff also filed a Motion to Amend. A party may amend his pleading once as a matter of right, within 21 days after service or 21 days after service of the responsive pleading Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15 (a). No service has been made, nor has a responsive pleading been filed. The court shall allow the Motion to Amend (D.E. # 5). Therefore, the court conducts the frivolity review as to both the original complaint and the Motion to Amend.

medical care" and requests immediate release or injunctive relief. However, plaintiff is no longer housed at FMC-Butner, North Carolina, but at the United States Penitentiary - Leavenworth, Kansas. (D..E. # 11)

First, plaintiff is not entitled to the injunctive relief he seeks. Because of his transfer, he is no longer subject to the alleged unconstitutional conditions, and the matter is moot. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).

As for his request for immediate release from incarceration, this remedy is not available relief under 42 U.S.C. § 1983 or Bivens. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under Section 1983); see also McLean v. Brown, No. 08 CV. 5200, 2010 WL 2609341, at *5 (E.D.N.Y. June 25, 2010) (finding that prisoner's request for release from prison is "not properly cognizable in a claim under [Section] 1983" because "[h]abeas corpus provides the exclusive federal remedy for a state prisoner who wishes to challenge the fact of his conviction").

ACCORDINGLY, the motion to amend is ALLOWED (D.E. # 5); however, the matter is DISMISSED as FRIVOLOUS. Having so found, the motion for records is DENIED as MOOT (D.E. # 8). The case is CLOSED.

SO ORDERED, this the 15 day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE